UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE STEEN,

    Plaintiff,

vs.

HERMAN MARABLE, JR.,

    Defendant.
_____/

Civil Action No.
07-CV-15001

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL, AND DISMISSING THE COMPLAINT</u>**

This matter is presently before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* [docket entry 2], Plaintiff's Application for Appointment of Counsel [docket entry 3], and on the Court's own review of the Complaint. The Court has had an opportunity to review this matter. For the reasons stated below, the Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*, deny Plaintiff's Application for Appointment of Counsel, and *sua sponte* dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3).

I.    **<u>PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*</u>**

According to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided that the person submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." In the present case, Plaintiff's Application to Proceed *In Forma Pauperis* indicates that she is indeed indigent. The Court will therefore grant the Application, thereby permitting Plaintiff to file her Complaint without requiring prepayment of the filing fee.

II. **PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL**

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). According to the Sixth Circuit, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir.1983); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985)). Indeed, "[a]ppointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim." *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citing cases).

The Court finds that there are no "exceptional circumstances" warranting appointment of counsel in this particular matter. Moreover, for the reasons that follow, Plaintiff's Complaint not only suffers from fatal jurisdictional defects, it is also frivolous and fails to state a claim on which relief can be granted. The Court will therefore deny Plaintiff's Application for Appointment of Counsel, as Plaintiff's chances of success are extremely slim and, consequently, the appointment of counsel would be a futile act.

III. **DISMISSAL OF PLAINTIFF'S COMPLAINT**

Simply put, Plaintiff's Complaint is incomprehensible and outrageous. The Court is unable to determine, with any degree of clarity, the factual basis for Plaintiff's seemingly implausible and preposterous claims. For example, so far as the Court can tell, Plaintiff is seeking $25 million from Defendant for depraved heart murder:

> Now comes, Plaintiff Katherine Steen pursuiting [sic] justice in the amount of $25,000,000.00 (twenty five million) from the abuse of Herman Marable

> . . . acting in the scope of his employment . . . . This official complaint can be found on page 1019 of Black's Law Dictionary - Depraved of Heart Murder.

(Pl.'s Compl. at 1.) Plaintiff appears to take issue with how Defendant, a state judge, has handled her case, and suggests that his alleged misconduct is somehow actionable under 42 U.S.C. § 1983 and the Thirteenth and Fourteenth Amendments:

> Plaintiff has been in front of Herman Marable, eleven (11) different times, enduring his abusive behavior and coutenalis [sic] violations of rules and policies. 'TRANSCRIPTS.'"
> - So therefore, Plaintiff is pleading for federal jurisdiction to recognize; —> 42 U.S.C.A. - 1983 knowling [sic] mistakes is abuse of authority, Congress enacted Civil Rights acts precisely to provide a remedy for such abuse of official abuse of official powers - Enclosed is 14 pages - Explaining details.
>
> Any man who really believes in his own superiority cannot deal morally with those he consider [sic] inferior - Herman Marable is was [sic] against the poor - "HOMELESS"
>
> In conclusion –> 13 + 14 const amends forbid condemnation [sic] without a hearing. Plaintiff is pleading for relief and Justice, The Defendant has NO IMMUNITY /- That makes him guilty and accountable.

(Pl.'s Compl. at 2-3.)

The Court has no subject matter jurisdiction and shall therefore dismiss the Complaint on its own motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3). The Court has no jurisdiction when, as here, "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Alternatively, Plaintiff's Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, fails to state a claim on which relief can be granted, and Defendant—as a state court judge—is immune from liability for damages for acts

committed within his judicial discretion. *See Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). Accordingly,

      IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* is granted.

      IT IS FURTHER ORDERED that Plaintiff's Application for Appointment of Counsel is denied.

      IT IS FURTHER ORDERED that the Complaint is dismissed for lack of subject matter jurisdiction.

      _____s/Bernard A. Friedman_____
      BERNARD A. FRIEDMAN
      CHIEF UNITED STATES DISTRICT JUDGE

Dated: December 4, 2007
      Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman